UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | 3:21-cr-00156 (KAD) |
| ) | |
| v. ) | |
| ) | |
| MALIK BAYON ) | |
| ) | |
| ) | APRIL 16, 2025 |

**MEMORANDUM OF DECISION**
**RE: MOTION TO DISMISS COUNT THIRTY-THREE OF THE INDICTMENT (ECF NO. 496)**

Kari A. Dooley, United States District Judge:

Defendant Malik Bayon ("Bayon" or "Defendant") was charged by indictment on September 14, 2021, with multiple counts, including Count Thirty-Three, felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] Count Thirty-Three alleges that on or about November 15, 2019, Bayon, having been previously convicted of two felonies, knowingly and intentionally possessed a firearm and ammunition. Indictment, ECF No. 1, at ¶ 66. Pending before the Court is Bayon's motion to dismiss Count Thirty-Three based on the holding in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). Mot. to Dismiss, ECF No. 496 at 1. For the reasons set forth below, the motion is DENIED.

**Legal Standard**

"The dismissal of an indictment is an extraordinary remedy reserved only for extremely limited circumstances implicating fundamental rights." *United States v. Raniere*, 384 F. Supp. 3d 282, 299 (E.D.N.Y. 2019) (quoting *United States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001)).

---

[1] At the time this indictment was returned, 18 U.S.C. § 924(a)(2) established the penalty for violations of § 922(g). However, in 2022 § 924(a) was amended to place the penalty for § 922(g) violations under § 924(a)(8). *See* BIPARTISAN SAFER COMMUNITIES ACT, PL 117-159, June 25, 2022, 136 Stat 1313.

The Federal Rules of Criminal Procedure permit a defendant to file a pretrial motion to dismiss based upon a defect in an indictment or in the initiation of the prosecution, provided "the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Calhelha*, 456 F. Supp. 2d 350, 356–57 (D. Conn. 2006) (quoting *Hamling v. United States,* 418 U.S. 87, 117 (1974)). "[A]n indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Levine*, 249 F. Supp. 3d 732, 738 (S.D.N.Y. 2017) (quoting *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998)). "When deciding a motion to dismiss an indictment pursuant to Fed. R. Crim. P. 12(b), a court must accept all factual allegations in the indictment as true." *United States v. Kogan*, 283 F. Supp. 3d 127, 134 (S.D.N.Y. 2017) (quotation marks and citation omitted).

**Factual Background**

Bayon was previously convicted of two crimes "punishable by imprisonment for a term exceeding one year." Indictment at ¶ 66. They are as follows: illegal transfer of a pistol or revolver, in violation of Conn. Gen. Stat. § 29-33; and possession of a weapon in a motor vehicle, in violation of Conn. Gen. Stat. § 29-38. The indictment alleges that, on November 15, 2019, in the District of Connecticut, Bayon knowingly possessed a firearm and ammunition, that is, "a loaded Century Arms 9mm pistol bearing serial number 16AT12859[.]" *Id.* at ¶ 66.

In addition to Count Thirty-Three, Bayon was also charged in the following counts: Count One, Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d); Counts Four and Five, Murder

2

in Aid of Racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2; Counts Six and Seven, Causing Death Through the Use of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(j)(1), and 2; Count Twenty-Six, Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, in violation of 21 U.S.C. § 846; Count Thirty, Possession with Intent to Distribute Heroin and Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2; and Count Thirty-Four, Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(2). *Id.* at ¶¶ 1–18; 24–27; 28–29; 56–59, 63, 67.[2]

**Discussion**

Bayon argues that his possession of firearms is constitutionally protected by the Second Amendment, and any attempt to criminalize his possession violates the Supreme Court's holding in *Bruen*, 597 U.S. 1. Mot. to Dismiss at 1. Bayon brings both as applied and facial challenges to 18 U.S.C. § 922(g)(1). *Id.* He argues that under *Bruen*, the Government cannot "establish an adequate historical record of felon disarmament" *Id.* at 5–6. The Government argues in response that post-*Bruen*, this Court is still bound by the Second Circuit's decision in *United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir. 2013), which held that § 922(g)(1) was facially constitutional, and that Bayon's as-applied challenge fails because "he falls squarely within the class of people who can be constitutionally prohibited from carrying guns because of his criminal record." Gov. Opp'n, ECF No. 567, at 1–2.

---

[2] Count Thirty-Three was severed and the remaining counts were tried to a jury commencing in January 2024. On February 14, 2024, the jury returned a verdict of "Guilty" on all counts. At trial, the Government offered evidence that Bayon was arrested on November 15, 2019 at a "stash house" location at which a substantial quantity of both narcotics and firearms were seized. Bayon's DNA was found on the firearm identified in Count Thirty-Three. Jan. 29. Trial Tr., AM, ECF No. 727 at 113:15–115:8; Gov. Ex. 1122.

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *District of Columbia v. Heller*, the Supreme Court held that the Amendment enshrines an individual right to bear arms and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." 554 U.S. 570, 635 (2008). Subsequently, the Court extended *Heller's* holding to the states in *McDonald v. City of Chicago*, 561 U.S. 742 (2010). In both cases, the Court emphasized that its Second Amendment jurisprudence "did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons…" *Id.* at 786 (quoting *Heller*, 554 U.S. at 626) (internal quotations omitted). A decade later, in *Bruen,* the Supreme Court clarified the test required for assessing Second Amendment challenges. Noting that lower courts had improperly "coalesced around" a "two-step" analysis for disposing of Second Amendment challenges that combined "history with means-end scrutiny," the Court held that the correct test must be "rooted in the Second Amendment's text, as informed by history" and that the government "must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 597 U.S. at 19.

More recently, the Supreme Court decided *United States v. Rahimi*, a *Bruen*-based challenge to 18 U.S.C. § 922(g)(8). 602 U.S. 680 (2024). Section 922(g)(8) "prohibits an individual subject to a domestic violence restraining order from possessing a firearm if that order includes a finding that he 'represents a credible threat to the physical safety of [an] intimate partner,' or a child of the partner or individual." *Id.* at 685. The Court upheld § 922(g)(8)'s constitutionality, holding that it was analogous to founding-era "surety" and "going armed" laws, and therefore "[w]hen an individual poses a clear threat of physical violence to another, the

threatening individual may be disarmed." *Id*. at 698. Consistent with *Heller, McDonald* and *Bruen,* in *Rahimi,* the Supreme Court stated, "[w]hile we do not suggest that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse, see *Heller*, 554 U.S., at 626, [] we note that Section 922(g)(8) applies only once a court has found that the defendant 'represents a credible threat to the physical safety' of another." *Id.* at 698–699. Thus, by implication, *Heller* is still good law with respect to § 922(g)(1). Other district courts in this circuit have reached the same conclusion. *See United States v. Ayala*, No. 22-CR-282 (VSB), 2024 WL 3376083, at *5 (S.D.N.Y. July 11, 2024) ("… the Supreme Court's holding [in *Rahimi*] makes clear that *Heller* and *McDonald*, still apply post-*Bruen*."); *United States v. Morales*, No. 24 CR. 84 (PAE), 2024 WL 3345982, at *2 (S.D.N.Y. July 8, 2024) ("[T]he handful of courts to have addressed the constitutionality of § 922(g)(1) in the two and a half weeks since *Rahimi* issued have recognized that *Rahimi*, if anything, bolsters § 922(g)(1)'s constitutionality." (collecting cases)); *United States v. Johnson*, No. 3:24-CR-133 (OAW), 2025 WL 1092796, at *2 (D. Conn. Apr. 11, 2025) (Holding that following *Bruen* and *Rahimi* "the constitutional foundation of § 922(g)(1) appears to have been fortified.").

After *Heller* and *McDonald*, but before *Bruen* and *Rahimi*, the Second Circuit Court of Appeals considered whether § 922(g)(1) violated the Second Amendment rights of a convicted felon who had been convicted under the statute for possessing a firearm and body armor. *Bogle*, 717 F.3d at 281. The *Bogle* Court held that while *Heller* and *McDonald* had developed more expansive interpretations of the Second Amendment, both opinions specified that they should not be interpreted to disturb existing prohibitions on the use of firearms by felons, and accordingly § 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons. *Id.*

at 281–282. The Government argues that nothing in *Bruen* undermined *Bogle's* core holding rendering that decision binding upon this Court. Gov. Opp'n at 3, 6. Bayon argues that *Bogle* has been sufficiently thrown into question by *Bruen* as well as post-*Bruen* decisions by the Third Circuit Court of Appeals and a court in the Southern District of Mississippi.[3] The Court agrees with the Government.

*Bogle* did not incorporate the means-end test that was rejected by the *Bruen* Court. Indeed, *Bogle* expressly and exclusively relies on language from *Heller* and *McDonald* in upholding § 922(g), stating that "the Supreme Court clearly emphasized that recent developments in Second Amendment jurisprudence should not be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* (citing *Heller*, 554 U.S. at 626; *McDonald*, 561 U.S. at 786). Moreover, nothing in *Bruen*'s majority opinion suggests that it intended to abrogate or cabin those cases in any fashion. In fact, *Bruen* emphasizes that it is endorsing and reasserting the reasoning in *Heller* and *McDonald*. *See e.g., Bruen*, 597 U.S. at 8–9 ("In … *Heller* … and *McDonald*, we recognized that the Second and Fourteenth Amendments protect the right of an **ordinary, law-abiding citizen** to possess a handgun in the home for self-defense"); 10 ("We too agree, and now

---

[3] Bayon cites *Range v. Att'y Gen. United States of Am.,* 69 F.4th 96, 98 (3d Cir. 2023) ("*Range I*")*, cert. granted, judgment vacated sub nom. Garland v. Range,* No. 23-374, 2024 WL 3259661 (U.S. July 2, 2024) and *United States v. Bullock*, 679 F. Supp. 3d 501, 537 (S.D. Miss. 2023), *rev'd and remanded*, 123 F.4th 183 (5th Cir. 2024). Since the parties in this case submitted their briefs on this issue, *Bullock* has been reversed. In *United States v. Bullock*, 123 F.4th 183, 185 (5th Cir. 2024), the Fifth Circuit cited *Rahimi* and held that a law banning someone like the defendant, who had "previously misused a firearm to harm others," "'fits neatly' within our Nation's historical tradition of firearm regulation." *Id. Range I* was vacated and remanded by the Supreme Court for further consideration in light of *Rahimi*. *See Garland v. Range*, 144 S. Ct. 2706, 219 L. Ed. 2d 1313 (2024). Following remand, the Third Circuit, sitting *en banc* and considering *Rahimi*, reached the same "narrow" conclusion that it had in *Range I*, that an individual convicted of non-violent food stamp fraud "remains one of 'the people' protected by the Second Amendment, and his eligibility to lawfully purchase a rifle and a shotgun is protected by his right to keep and bear arms," and is thus outside the ambit of § 922(g). *Range v. Att'y Gen. United States*, 124 F.4th 218, 232 (3d Cir. 2024) ("*Range II*"); *compare Range I*, 69 F.4th at 106, *with* Range II, 124 F.4th at 232. However, as described below, Courts in this Circuit have consistently rejected the need to analyze a defendant's underlying felony convictions when adjudicating constitutional challenges to § 922(g).

hold, **consistent with *Heller* and *McDonald***, that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home") (emphases added). *Bruen* did not disturb the precedents upon which *Bogle* relies, and *Bogle* therefore remains binding upon this Court. The Court again joins the chorus of other district courts in this Circuit which have so held.[4] *See United States v. Gaskin*, No. 3:22-CR-98 (SRU), 2024 WL 381009, at *4 (D. Conn. Feb. 1, 2024) ("This Court remains bound under *Bogle* to hold that Section 922(g)(1) is constitutional"); *United States v. Hairston*, No. 3:23-CR-00020-SVN, 2024 WL 326667, at *4 (D. Conn. Jan. 29, 2024) (finding § 922(g) constitutional because "*Bogle* remains good law after *Bruen*"); *United States v. Jakups*, No. 3:21-CR-00216 (VAB), 2024 WL 361428, at *3 (D. Conn. Jan. 31, 2024) (same) (collecting cases).[5]

Bayon also raises an as-applied challenge to the statute. *See* Mot. to Dismiss at 1. Courts in this Circuit have rejected the need to consider constitutional challenges to § 922(g)(1) based upon the nature of the defendants' underlying felony convictions. *See United States v. Mingues*, No. 5:23-CR-81 (BKS), 2023 WL 9604697, at *6 (N.D.N.Y. Dec. 23, 2023) ("with specific regard to § 922(g)(1), there is no precedent requiring the Court 'to conduct an individualized inquiry by felony'" (quoting *United States v. Mitchell*, No. 1:23-CR-00198 (ALC), 2023 WL 8006344, at *7 (S.D.N.Y. Nov. 17, 2023)); *Hairston*, 2024 WL 326667, at *7 ("Nothing in *Bogle* or *Bruen* suggest that as-applied challenges, or a felony-by-felony individualized inquiry, is required."). And though the Second Circuit has yet to rule on the question of as-applied challenges to § 922(g)(1), district courts within the Circuit have found decisions from the Eighth and Tenth Circuits persuasive,

---

[4] Because the Court is bound under *Bogle* to find § 922(g) constitutional on its face, the Court does not undertake the historical analysis required under *Bruen* for assessing Second Amendment challenges to firearm regulations.

[5] Bayon points the Court to cases in the Third Circuit and the Southern District of Mississippi and asks the Court to find them "persuasive" when analyzing the constitutionality of § 922(g) under *Bruen*. Mot. to Dismiss at 5. As *Bogle* remains binding Second Circuit precedent, the Court does not address these cases, except to provide an update on their current posture. *See* n. 3, supra.

which "have concluded that there is no basis to draw distinctions under § 922(g)(1) based on the underlying felony conviction." *United States v. Crawford*, No. 23 CRIM. 566 (LGS), 2024 WL 1657879, at *5 (S.D.N.Y. Apr. 17, 2024) (citing *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023), *cert. granted, judgment vacated*, 144 S. Ct. 2708 (2024), and *adhered to sub nom. Vincent v. Bondi*, 127 F.4th 1263 (10th Cir. 2025); *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023), *cert. granted, judgment vacated*, 144 S. Ct. 2710 (2024), and *vacated*, No. 22-2870, 2024 WL 3768055 (8th Cir. Aug. 8, 2024).[6]

Further, when a statute is challenged as-applied, the court must analyze "the facts of a particular case to determine whether the application of a statute, even one constitutional on its face, deprived the individual to whom it was applied of a protected right." *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 174 (2d Cir. 2006). Here, Bayon does not advance any argument that the circumstances under which he possessed the firearm at issue, as an adjunct to his illegal narcotics trafficking, somehow implicated his constitutionally protected rights. Relatedly, as in *Hairston* "[Defendant] makes no distinct arguments about his prior convictions that support an as-applied challenge, despite framing his argument as such. For instance, [Defendant] has supplied no facts

---

[6] Both out-of-circuit decisions that the *Crawford* court found persuasive were reversed and remanded for further consideration in light of *Rahimi*. *See Vincent v. Garland*, 144 S. Ct. 2708, 219 L. Ed. 2d 1314 (2024); *Jackson v. United States*, 144 S. Ct. 2710 (2024). However, upon remand both the Tenth and Eighth Circuits reached the same holdings as their pre-*Rahimi* analysis. *See Vincent v. Bondi*, 127 F.4th 1263, 1266 (10th Cir. 2025) ("Under [*United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009)], the Second Amendment doesn't prevent application of § 922(g)(1) to nonviolent offenders like Ms. Vincent. So we readopt our prior opinion and affirm the dismissal."); *United States v. Jackson*, 110 F.4th 1120, 1129 (8th Cir. 2024) (Concluding that "legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms," and that therefore "[w]hether those actions are best characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness, Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons.")

about the circumstances of his underlying felony convictions; the only information available to the Court is the specific charges identified in the indictment[.]" 2024 WL 326667 at *7. The insufficiently developed record on this issue requires the Court to reject Bayon's as-applied challenge as premature. *Id.*; *see also United States v. Baker*, No. 23-CR-6087CJS, 2023 WL 5511343, at *4 (W.D.N.Y. July 12, 2023) (collecting cases).[7]

**Conclusion**

For the reasons stated above, the Court rejects Bayon's facial and as-applied constitutional challenges to § 922(g). Accordingly, the motion to dismiss Count 33 of the Indictment is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 16th day of April, 2025.

                                                  */s/ Kari A. Dooley*
                                                  KARI A. DOOLEY
                                                  UNITED STATES DISTRICT JUDGE

---

[7] The "as applied" challenge to the constitutionality of the statute is denied without prejudice. Bayon may yet develop the factual record as to the circumstances of his possession or the details of his prior convictions or other matters which would suggest re-assessment of this issue. The Court also observes that the contours of Second Amendment protections are being actively litigated throughout the country and additional guidance from the Supreme Court or the Second Circuit may shed new and clarifying light on these issues.